# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GREENWAY LOGISTICS LLC,

      Plaintiff,

      v.

LAXMI WHITE a/k/a LAUREN
WHITE,

      Defendant.

No. 4:20-CV-00048

(Judge Brann)

## MEMORANDUM OPINION

### APRIL 27, 2020

Plaintiff Greenway Logistics LLC brings this action for breach of contract premised on this Court's diversity jurisdiction. Defendant Lauren White now moves to dismiss Greenway's complaint.

## I.   BACKGROUND[1]

Greenway Logistics LLC is a company that provides trade show and special events shipping services.[2] On June 2, 2011, Greenway hired White as a Senior Account Manager responsible for promoting, selling, and servicing customer accounts.[3]

---

[1]   The facts in this section are drawn from Greenway's complaint and its attached exhibits. *See Sherman v. John Brown Ins. Agency Inc.*, 38 F. Supp. 3d 658, 662–63 (W.D. Pa. 2014). As is appropriate on a motion to dismiss, I accept all factual allegations as true and construe the complaint in the light most favorable to the plaintiff. *Id.*

[2]   Compl. ¶ 5, Doc. 1-1.

[3]   *Id.* ¶ 13–14.

Five years later, on August 31, 2016, Greenway and White entered into a nonsolicitation and noncompete agreement.[4] The agreement barred White from soliciting Greenway customers for eighteen months after termination of her employment, in exchange for which White received additional customer accounts.[5]

White's employment with Greenway terminated on July 11, 2019.[6] Greenway in its complaint alleges that White has solicited Greenway customers since beginning a new job in violation of the August 31, 2016 agreement.[7]

Greenway filed its complaint in the Court of Common Pleas of Centre County, Pennsylvania on November 15, 2019.[8] White removed the action to this Court on January 10, 2020.[9] On January 31, 2020, White moved to dismiss Greenway's complaint.[10]

## II.   LEGAL STANDARD

To survive a motion to dismiss, a plaintiff is required to provide "a short and plain statement of the claim showing that the pleader is entitled to relief."[11] A

---

[4]   *Id.* ¶¶ 11, 15.

[5]   *Id.* ¶¶ 11, 15, 17.

[6]   *Id.* ¶ 21.

[7]   *Id.* ¶ 23.

[8]   Notice of Removal ¶ 1, Doc. 1.

[9]   Notice of Removal.

[10]   Def. Lauren White's Mot. to Dismiss Pl.'s Compl. pursuant to Fed. R. Civ. P. 12(b)(6), Doc. 3.

[11]   Fed. R. Civ. P. 8.

claimant must state a plausible claim for relief.[12] "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[13] The plaintiff's factual allegations must rise above the speculative level, but the plaintiff "need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element."[14] A court ruling on a motion to dismiss must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."[15]

## III.  DISCUSSION

Pennsylvania law views restrictive covenants in employment contracts with skepticism.[16] For that reason, Pennsylvania limits the circumstances when such a clause will be enforced.[17]

Pertinent here are the restrictions on what may qualify as valuable consideration sufficient to support a restrictive covenant. When analyzing these terms, Pennsylvania courts make an exception to their typical practice of not

---

[12] *See Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014) (*citing Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

[13] *Thompson*, 748 F.3d at 147.

[14] *Id.*

[15] *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

[16] *See Ricoh USA, Inc. v. Bailon*, 419 F. Supp. 3d 871, 875 (E.D. Pa. 2019).

[17] *See id.* at 875 & n.5.

inquiring into the adequacy of consideration offered for a contract beyond its mere existence.[18] This adequacy analysis varies depending on when in the employment relationship the restrictive covenant was entered. If executed at the time of hiring, the award of the position itself may be enough.[19] However, if formed after hiring, the covenant must be supported by a new, corresponding benefit or favorable change—continued employment alone is not adequate.[20]

The agreement at issue here identifies White's employment and the "assignment of additional client accounts to which [White] would not otherwise be entitled" as its consideration.[21] The agreement was signed five years into White's employment at Greenway, and so the additional client accounts are the only new consideration alleged beyond the fact of White's continued employment. White argues, however, that this "consideration" was actually a burden, not a benefit: it was simply more work without higher pay.

As a matter of pleading, it is plausible that the award of additional client accounts was a favorable change in White's working conditions. Furthermore, there are no concerns about this being a mere *post hoc* argument because the

---

[18] *See Socko v. Mid-Atlantic Sys. of CPA, Inc.*, 99 A.3d 928, 935 (Pa. Super. Ct. 2014).

[19] *See Ricoh USA*, 419 F. Supp. 3d at 876.

[20] *See id.*

[21] *See* Notice of Removal Ex. A *15, Doc. 1-1.

accounts are specifically identified as consideration in the agreement.[22] Greenway's allegations with respect to consideration are sufficient here.

Finally, White briefly raises the argument that the agreement is not reasonably limited in its geographic scope. In so doing, however, White conflates the agreement's nonsolicitation clause and its noncompete clause. The noncompete clause is limited to within fifty miles of any of Greenway's three offices.[23] White's fears of the contract "prohibiting a person from working in their profession throughout their own country" are thus not well-founded.[24] The burden placed by a nonsolicitation clause is not as heavy, and, furthermore, Greenway conducts business nationwide. At this stage of the litigation, I do not find the term to be unreasonable.

---

[22] *See* Notice of Removal Ex. A *15.

[23] *See id.* at *14 ¶ 2(a) ("Employee expressly covenants and agrees that upon the termination of his or her employment hereunder . . . Employee will not for a period of eighteen (18) months . . . Manage, render, or perform services to or for any person or entity which is engaged in a business competitive to that of Greenway within any fifty (50) miles of any Greenway office.").

[24] Def. Lauren White's Br. in Supp. of Mot. to Dismiss Compl. pursuant to Fed. R. Civ. P. 12(b)(6) at 6, Doc. 6.

## IV.   CONCLUSION

For the reasons above, Defendant Lauren White's Motion to Dismiss

Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 3)

is **DENIED**.

An appropriate Order follows.

BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge