IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREENWAY LOGISTICS, LLC.<br><br>Plaintiff<br><br>vs.<br><br>LAXMI WHITE, a/k/a LAUREN WHITE<br><br>Defendant | CIVIL ACTION-LAW<br><br>JURY TRIAL DEMANDED<br><br>No.: 4:20-CV-00048-MWB<br><br>(HONORABLE MATTHEW W. BRANN)<br><br>ELECTRONICALLY FILED |

**DEFENDANT, LAUREN WHITE'S, ANSWER TO PLAINTIFF, GREENWAY LOGISTICS, LLC'S, COMPLAINT**

AND NOW comes Defendant, Lauren White, by and through her counsel, Oliver, Price and Rhodes, and files this Answer to Plaintiff, Greenway Logistics, LLC's, Complaint, and avers the following in support thereof:

1. The allegations of this paragraph constitute a conclusion of law and this paragraph is, therefore, deemed denied.

2. Admitted.

3. Admitted upon information and belief.

4. Admitted.

5. Admitted upon information and belief.

6. Defendant lacks knowledge or information sufficient to form a belief as to the allegations of this paragraph and demands strict proof thereof at the trial of this matter.

7. Defendant lacks knowledge or information sufficient to form a belief as to the allegations of this paragraph and demands strict proof thereof at the trial of this matter.

8. Defendant lacks knowledge or information sufficient to form a belief as to the allegations of this paragraph and demands strict proof thereof at the trial of this matter.

9. It is admitted that Defendant, through her employment with Plaintiff, had the access and authority to communicate with Plaintiff's customers. Defendant lacks knowledge or information sufficient to form a belief as to the allegations of the remainder of this paragraph and demands strict proof thereof at the trial of this matter.

10. Denied. It is specifically denied that Defendant was required to execute an agreement containing certain restrictive covenants prior to commencing her employment with Plaintiff. Defendant lacks information or knowledge sufficient to form a belief as to the remainder of the allegations of this paragraph and demands strict proof thereof at the trial of this matter.

11. It is specifically denied that Defendant entered into an Agreement with Plaintiff on or about August 31, 2016. The remainder of this paragraph, relative to the consideration for the Agreement, constitutes a conclusion of law and is, therefore, denied.

12. Defendant lacks knowledge or information sufficient to form a belief as to the allegations of this paragraph and demands strict proof thereof at the trial of this matter.

13. Admitted.

14. Admitted.

15. Denied. It is specifically denied that Defendant entered into an Agreement with Plaintiff on or about August 31, 2016. It is specifically denied that Defendant received any consideration in the form of additional, valuable customer accounts. Strict proof of the allegations of this paragraph is demanded at the trial of this matter.

16. Admitted in part and denied in part. It is admitted that Defendant, through her employment, had the ability to contact Plaintiff's customers. The remainder of the allegations of this paragraph are specifically denied and strict proof thereof is demanded at the trial of this matter.

17. The document speaks for itself. The allegations of this paragraph constitute conclusions of law and are, therefore, deemed denied.

18. It is admitted that the referenced document is not limited by a specific geographic scope. The remainder of the allegations of this paragraph constitute conclusions of law and are, therefore, deemed denied.

19. The allegations of this paragraph constitute conclusions of law and are, therefore, deemed denied.

20. Defendant lacks knowledge or information sufficient to form a belief as to the allegations of this paragraph relative to Plaintiff's business, and strict proof thereof is demanded at the trial of this matter. The allegations of this paragraph relative to a broad geographical scope constitute conclusions of law and are, therefore, deemed denied.

21. Denied. Defendant was terminated from her employment with Plaintiff on January 21, 2019.

22. It is admitted that Defendant is currently employed with Airway Express. The remainder of the allegations of this paragraph, relative to Airway Express as a competitor entity to Plaintiff, constitute conclusions of law and are, therefore, deemed denied.

23. Denied. The allegations of this paragraph constitute conclusions of law and are, therefore, deemed denied.

24. Denied. The allegations of this paragraph constitute conclusions of law and are, therefore, deemed denied.

25. Denied. The allegations of this paragraph constitute conclusions of law and are, therefore, deemed denied.

26. Denied. The allegations of this paragraph constitute conclusions of law and are, therefore, deemed denied. Further, as to any damages sustained by Plaintiff, Defendant lacks knowledge or information sufficient to form a belief as to these allegations and demands strict proof thereof at the trial of this matter.

27. Denied. The allegations of this paragraph constitute conclusions of law and are, therefore, deemed denied.

28. No response necessary.

29. Denied. The allegations of this paragraph constitute conclusions of law and are, therefore, deemed denied.

30. Denied. The allegations of this paragraph constitute conclusions of law and are, therefore, deemed denied.

31. Denied. The allegations of this paragraph constitute conclusions of law and are, therefore, deemed denied.

32. Denied. The allegations of this paragraph constitute conclusions of law and are, therefore, deemed denied.

33. Denied. The allegations of this paragraph constitute conclusions of law and are, therefore, deemed denied.

34. Denied. The allegations of this paragraph constitute conclusions of law and are, therefore, deemed denied.

### AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. The August 31, 2016 document is not supported by valid consideration.

3. The restrictive covenants contained in the August 31, 2016 document are unenforceable as they are not limited geographically.

Respectfully submitted,

/s/ Jenna Kraycer Tuzze
Jenna Kraycer Tuzze, Esq.
Attorney I.D. No.: 324116
OLIVER, PRICE & RHODES
1212 South Abington Road, P.O. Box 240
Clarks Summit, PA 18411
Phone: (570) 585-1200
Fax: (570) 585-5100
Email: jmk@oprlaw.com

/s/ Joseph A. O'Brien
Joseph A. O'Brien, Esq.
Attorney I.D. No.: 22103
OLIVER, PRICE & RHODES
1212 S. Abington Road, PO Box 240
Clarks Summit, PA 18411
Phone: (570) 585-1200
Fax: (570) 585-5100
Email: jaob@oprlaw.com

## CERTIFICATE OF SERVICE

I, **JOSEPH A. O'BRIEN, ESQUIRE**, of Oliver, Price & Rhodes, hereby certify that on this date, I caused the foregoing ANSWER to be served via the Court's ECF system on all counsel of record as authorized under Federal Rule 5(b)(2)(E) and local rule 5.7 of the United States District Court for the Middle District of Pennsylvania. I further certify that all counsel of record in the case, but for the Plaintiff, are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Andrew R. Carson, Esquire
1901 East College Avenue
State College, PA 16801
carson.andrew.r@gmail.com

/s/Joseph A. O'Brien
Joseph A. O'Brien, Esq.