# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREENWAY LOGISTICS, LLC, | No. 4:20-CV-00048 |
| Plaintiff, | (Judge Brann) |
| v. | |
| LAXMI WHITE, *a/k/a* LAUREN WHITE, | |
| Defendant. | |

## ORDER

### JULY 7, 2020

**BACKGROUND:**

Plaintiff Greenway Logistics, LLC has moved to enjoin Defendant Laxmi White[1] from soliciting Greenway's customers.[2] Greenway's motion is denied because Greenway has not demonstrated that it is likely to suffer future irreparable harm from White's conduct.

"Perhaps the most important prerequisite for the issuance of a preliminary injunction is a demonstration that, if it is not granted, the applicant is likely to suffer irreparable harm before a decision on the merits can be rendered."[3]

---

[1] Also known as Lauren White.
[2] *See* Doc. 13. The Court interprets Greenway's motion as one seeking a preliminary injunction, as Greenway has not "prevailed on the merits"—a prerequisite for permanent injunctive relief. *Santa Fe Nat. Tobacco Co. v. Judge*, 963 F. Supp. 437, 442 (M.D. Pa. 1997)
[3] *Krushin v. SCI-Waymart*, No. 4:17-CV-1545, 2018 WL 2981288, at *1 (M.D. Pa. June 14, 2018) (Brann, J.).

Irreparable harm is "potential harm which cannot be redressed by a legal or equitable remedy following a trial."[4] "Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough."[5]

"The relevant inquiry is whether the party moving for the injunctive relief is in danger of suffering the irreparable harm at the time the preliminary injunction is to be issued." "Speculative injury does not constitute a showing of irreparable harm."[6] In keeping, "more than a risk of irreparable harm must be demonstrated." A plaintiff must make "a clear showing of immediate irreparable injury," or a "presently existing actual threat." An injunction "may not be used simply to eliminate a possibility of a remote future injury."[7]

The non-solicitation agreement at issue here is due to expire on July 28, 2020.[8] Greenway has identified a loss of "approximately $82,076 in gross profits,"[9] which can be redressed by an award of damages later in this litigation. White, though, has testified that due to the COVID-19 pandemic,[10] the trade show industry, from which White solicits business, "has suffered greatly due to

---

[4] *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989).
[5] *Sampson v. Murray*, 415 U.S. 61, 90 (1974).
[6] *Krushin*, 2018 WL 2981288, at *1.
[7] *Acierno v. New Castle Cty.*, 40 F.3d 645, 655 (3d Cir. 1994) (cleaned up).
[8] See Doc. 21-3 Ex. B at ¶ 9. The Court will not extend this agreement. *See Maaco Franchising, Inc. v. Augustin*, No. CIV.A. 09-4548, 2010 WL 1644278, at *3-*4 (E.D. Pa. Apr. 20, 2010).
[9] Doc. 21-3 Ex. B at ¶ 13.
[10] For background, *see Kilikpo v. Doll*, No. 4:20-CV-00902, 2020 WL 3498172, at *1 (M.D. Pa. June 29, 2020) (Brann, J.)

governmental restrictions placed upon large gatherings."[11]  Per White, "many trade shows have been cancelled or postponed, thereby limiting or restricting the amount of business that can be conducted within this industry."  "[T]here are no June, July, or August trade shows on any convention center calendar, and almost every trade show which was scheduled for August has also been cancelled."  And White is not "currently actively participating in the trade show industry because of the COVID-19 pandemic."[12]

Given (1) the COVID-19 pandemic and ensuing restrictions have curtailed White's ability to solicit business, (2) the non-solicitation agreement is soon to expire, and (3) Greenway has identified a financial loss that a damages award can correct, the only possible injury to Greenway as a result of White's alleged breach of the non-solicitation agreement would be the financial injury that Greenway has already suffered.  It follows that Greenway has not made the requisite showing of irreparable harm.[13]  The grant of injunctive relief is an "extraordinary remedy, which should be granted only in limited circumstances."[14]  This is not one of those circumstances.

---

[11]  Doc. 21-4 at ¶ 22.
[12]  Doc. 21-4 at ¶¶ 22-25.
[13]  *See Healthcare Servs. Grp., Inc. v. Fay*, 597 F. App'x 102, 103 (3d Cir. 2015) ("Under Pennsylvania law, the threat of the unbridled continuation of the violation of a restrictive covenant and the resultant incalculable damage to the former employer's business establishes irreparable harm") (emphasis added; cleaned up).  *See also Anderson v. Davila*, 125 F.3d 148, 163-64 (3d Cir. 1997); *Vector Sec., Inc. v. Stewart*, 88 F. Supp. 2d 395, 401 (E.D. Pa. 2000); *Dice v. Clinicorp, Inc.*, 887 F. Supp. 803, 809 (W.D. Pa. 1995).
[14]  *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 800 (3d Cir. 1989).

**THEREFORE**, **IT IS HEREBY ORDERED** that Plaintiff Greenway Logistics, LLC's Motion for Preliminary and Permanent Injunction, Doc. 13, is **DENIED**.

                                      BY THE COURT:

                                      *s/ Matthew W. Brann*
                                      Matthew W. Brann
                                      United States District Judge